UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Howard Rutland, III, # 09030325, *aka William H Rutland, III*, | ) C/A No.: 8:09-2164-SB-BHH ) ) |
| Plaintiff, | ) ) Report and Recommendation |
| vs. | ) ) |
| Sargent Rosemary Sanders, Berkeley County Sheriff's Office - Detention Center, | ) ) ) ) |
| Defendant. | |

_____

Plaintiff files this matter pursuant to 42 U.S.C. § 1983 against a correctional officer employed at the Berkeley County Detention Center. Plaintiff alleges the defendant unnecessarily "siphons off" his funds for stationary, envelopes, and postage. Specifically, plaintiff claims he prepared a letter which required only a two cent stamp before it was ready to be mailed. Plaintiff states that he was charged sixty (60) cents - the amount it would cost to purchase stationary, an envelope and postage - before his letter was mailed. Plaintiff seeks $405,000.00 in damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is

charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Deprivations of personal property, including negligent deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n. 3 (1986). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Ruefly v. Landon,* 825 F.2d 792, 798-94 (4th Cir.1987); and *Pink v. Lester,* 52 F.3d 73, 78 (4th Cir.1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Dep't. of Social Services,* 489 U.S. 189, 200-203 (1989).

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property-even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison,* 782 F.2d 1182, 1183-84 (4th Cir.1986). *Yates* has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty." *See Plumer v. Maryland,* 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir.1990) and *Zinermon v. Burch,* 494 U.S. 113 (1990). Nevertheless, the holding in

*Yates* is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property. *Johnson v. Crenshaw*, 2008 WL 154014 (D.S.C. 2008).

Under South Carolina law, Plaintiff's claims may be cognizable under the South Carolina Tort Claims Act (SCTCA). S.C.Code Ann. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Under the SCTCA, a claimant is required to file an administrative claim with the agency, department, or the State Budget and Control Board before seeking judicial relief in a Court of Common Pleas. *See* S.C.Code Ann. § 15-78-80. South Carolina case law indicates that claimants under the SCTCA must strictly comply with its requirements and must timely pursue their claims before the applicable limitations period expires. *See, e. g., Murphy v. Richland Memorial Hosp.,* 455 S.E.2d 688 (S.C.1995); and *Pollard v. County of Florence,* 444 S.E.2d 534 (S.C.Ct.App.1994).

Cases from other circuits point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See King v. Massarweh,* 782 F.2d 825, 826 (9th Cir.1986); *Slaughter v. Anderson,* 673 F.Supp. 929, 930 (N.D.Ill.1987).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion

originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

It is further recommended that the dismissal of this case be deemed a **strike** pursuant to 28 U.S.C. § 1915(e)(2) and (g).  These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The undersigned concludes that this action is frivolous under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a **strike** under this statute.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 8, 2009
Greenville, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).